UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODRICK WALKER, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 1:24-CV-543-HAB-ALT |
| TODD SMITH, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Before the Court is Plaintiffs' request, pursuant to Federal Rule of Civil Procedure 41(a)(2), to voluntarily dismiss the Complaint as to three of the four plaintiffs. (ECF No. 32). By doing so, those three plaintiffs hope to resume litigating these civil rights claims in their pending Indiana Civil Rights Commission case, to which the fourth plaintiff was not a party. Although Defendants claim they have no objections to such a dismissal (ECF No. 34), partially dismissing the complaint is not an action this Court is empowered to do under Rule 41.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). But the Seventh Circuit has indicated that Rule 41(a) should be used for the limited purpose of dismissing an *entire action*, rather than for dismissal of individual parties or piecemeal claims. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing an action—which is to say, the whole case.") As

such, a Rule 41(a) dismissal that does not dispose of the entire case is improper. *See id.* at 258 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead.").

Although the parties agree that the three moving Plaintiffs can be removed without unduly prejudicing the Defendants, those Plaintiffs cannot be removed through a Rule 41(a)(2) order because it would not dispose of the *entire* case—the fourth Plaintiff's claims would still remain. If Plaintiffs desire, instead, to amend the complaint under Federal Rule of Civil Procedure 15(a) to remove three of the plaintiffs, leave is so granted. Plaintiffs shall have fourteen (14) days to file an Amended Complaint consistent with this Order if that is how Plaintiffs intend to proceed. Currently, this action remains pending as to all parties.

## CONCLUSION

For the reasons above, Plaintiffs are GRANTED leave to file an Amended Complaint by Wednesday, September 10, 2025. Plaintiffs' Motion to Dismiss (ECF No. 32) is taken under advisement pending filing of an Amended Complaint, at which point the Motion to Dismiss will be deemed moot.

SO ORDERED on August 27, 2025.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
